UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JENNIFER M. GRIFFITH,            )
                                 )    No. CV-07-391-CI
          Plaintiff,             )
                                 )    ORDER DENYING PLAINTIFF'S
v.                               )    MOTION FOR SUMMARY JUDGMENT
                                 )    AND GRANTING DEFENDANT'S
MICHAEL J. ASTRUE, Commissioner  )    MOTION FOR SUMMARY JUDGMENT
of Social Security,              )
                                 )
          Defendant.             )
                                 )

     BEFORE THE COURT are cross-Motions for Summary Judgment (Ct.
Rec. 10, 12.)  Attorney Maureen J. Rosette represents Jennifer M.
Griffith (Plaintiff); Special Assistant United States Attorney
Kathryn Ann Miller represents the Commissioner of Social Security
(Defendant).   The parties have consented to proceed before a
magistrate judge. (Ct. Rec. 5.) After reviewing the administrative
record and briefs filed by the parties, the court **DENIES** Plaintiff's
Motion for Summary Judgment, and directs entry of judgment for
Defendant.

                         **JURISDICTION**

     On February 11, 2003, Plaintiff protectively filed her
application for Social Security Income (SSI) benefits. (Tr. 538.)[1]

_____

     [1]  Plaintiff had applied for benefits in 1998.  (Tr. 146.)
Benefits were denied by the administrative law judge on July 21,
2000.  (Tr. 32.)  The Appeals Council denied review, and court

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

She alleged disability due to carpel tunnel, nerve damage, broken hip and right foot problems, with an alleged onset date of February 11, 2003 (amended). (Tr. 466, 548.) Benefits were denied initially and on reconsideration. (Tr. 490-92.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held on April 13, 2005, before ALJ R.J. Payne. (Tr. 830-63.) Plaintiff, who was represented by counsel, medical expert James M. Haynes, M.D., testified. A supplemental hearing was held on July 25, 2005, at which Plaintiff and vocational expert Sharon Welter testified. (Tr. 864-73.) The ALJ denied benefits. The Appeals Council denied review. (Tr. 453-55.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

**STATEMENT OF THE CASE**

The facts of the case are set forth in detail in the transcript of proceedings, and are briefly summarized here. At the time of the hearing, Plaintiff was 30 years old with an eleventh grade education. (Tr. 473, 554.) She testified she obtained her high school equivalency and was attending classes at Community College of Spokane. (Tr. 846.) She stated she was working towards an accounting clerk certificate. (Tr. 847.) She was single, had no children and lived with her parents in their trailer. (Tr. 845.) She had past work experience as a power machine operator and a school cafeteria worker. (Tr. 855-56.) She was five feet, one-half inch, and weighed about 369 pounds. (Tr. 858.) She testified she could walk about 200 feet and stand for about ten minutes before it was a problem. (Tr. 851.) She could sit in a normal chair for 20

review was not pursued.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

to 30 minutes, and could lift about 20 pounds. She stated she
cooked dinner for her family, did housework and laundry, and spent
a couple of hours on the computer at one time playing games. She
also read and watched televison during the day. (Tr. 856-57.) She
reported her problems with her hip pain and her weight prevented her
from working. (Tr. 849-50.) She testified she also had problems
with asthma, incontinence, and her vision. (Tr. 859-61.)

## ADMINISTRATIVE DECISION

At step one of the sequential evaluation, ALJ Payne found
Plaintiff had not engaged in substantial gainful activity. (Tr.
468.) At step two, he summarized the medical evidence and found
Plaintiff had the severe impairment of residuals of an acetabular
fracture of the right hip complicated by obesity and asthma, and
non-severe impairments of carpal tunnel syndrome, right ankle
fracture (which did not meet the duration requirement) and migraine
headaches. He determined she did not have a severe mental
impairment. (Tr. 469-70.) At step three, he determined these
impairments alone or in combination did not meet or medically equal
one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P,
Regulations No. 4 (Listings). (Tr. 470.) The ALJ found Plaintiff's
allegations regarding the intensity of her pain and other
limitations were not totally credible. (Tr. 471-72.) At step four,
he determined Plaintiff had a residual functional capacity (RFC) to
perform less than the full range of light work, with additional
exertional and non-exertional restrictions. (Tr. 470-71.) The ALJ
concluded Plaintiff was unable to perform past relevant work. (Tr.
473.) Proceeding to step five, the ALJ considered vocational expert

1  testimony and found Plaintiff could perform other jobs that exist in

2  significant numbers in the national economy, such as surveillance

3  system monitor, addresser, telemarketer, and cashier II. (Tr. 474.)

4  He concluded Plaintiff was not under a "disability" as defined by

5  the Social Security Act. (*Id.*)

6  **STANDARD OF REVIEW**

7  In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the

8  court set out the standard of review:

9      A district court's order upholding the Commissioner's
       denial of benefits is reviewed *de novo*. *Harman v. Apfel*,
10     211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the
       Commissioner may be reversed only if it is not supported
11     by substantial evidence or if it is based on legal error.
       *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).
12     Substantial evidence is defined as being more than a mere
       scintilla, but less than a preponderance. *Id.* at 1098.
13     Put another way, substantial evidence is such relevant
       evidence as a reasonable mind might accept as adequate to
14     support a conclusion. *Richardson v. Perales*, 402 U.S.
       389, 401 (1971). If the evidence is susceptible to more
15     than one rational interpretation, the court may not
       substitute its judgment for that of the Commissioner.
16     *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of
       Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

17
       The ALJ is responsible for determining credibility,
18     resolving conflicts in medical testimony, and resolving
       ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th
19     Cir. 1995). The ALJ's determinations of law are reviewed
       *de novo*, although deference is owed to a reasonable
20     construction of the applicable statutes. *McNatt v. Apfel*,
       201 F.3d 1084, 1087 (9th Cir. 2000).

21

22  **SEQUENTIAL PROCESS**

23  Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the

24  requirements necessary to establish disability:

25      Under the Social Security Act, individuals who are
       "under a disability" are eligible to receive benefits. 42
26     U.S.C. § 423(a)(1)(D). A "disability" is defined as "any
       medically determinable physical or mental impairment"
27     which prevents one from engaging "in any substantial
       gainful activity" and is expected to result in death or

28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.

In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id.* (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

1    1230 (9th Cir. 1987).

2                              **ISSUES**

3        The question is whether the ALJ's decision is supported by

4    substantial evidence and free of legal error.  Plaintiff argues the

5    ALJ erred when he: (1) found her condition did not meet Listing

6    1.02; and (2) failed to properly reject treating physicians'

7    opinions.  She also contends consideration by the Appeals Council of

8    new evidence from her treating physician requires reversal.  (Ct.

9    Rec. 11 at 15.)

10                           **DISCUSSION**

11   **A.   New Evidence**

12       Plaintiff argues reversal of the ALJ's denial of benefits is

13   required to consider new evidence from treating physician Deborah

14   Montowski, M.D., including an evaluation form dated April 19, 2006.

15   She also contends the opinions in this evidence were improperly

16   rejected by the ALJ.  (Ct. Rec. 11 at 14.)  However, this post-

17   hearing evidence was not before the ALJ prior to rendering his

18   decision on February 22, 2006. (Tr. 475.)  Therefore, he was unable

19   to reject it and there is no legal error regarding the ALJ's

20   evaluation of this evidence.  Rather, the issue is whether the case

21   should be remanded for consideration of the new evidence by the ALJ.

22       When the Appeals Council evaluates new evidence in the context

23   of denying review, the issue on appeal becomes whether the record on

24   review is limited to the evidence presented to the ALJ or also

25   includes the new evidence evaluated by the Appeals Council, but

26   never seen by the ALJ.  In this circuit, when the Appeals Council

27   specifically considers new materials in the context of denying the

28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

claimant's request for review, "we consider the rulings of both the ALJ and the Appeals Council," and the record includes the ALJ's decision as well as the new evidence. *Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993); *Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir. 1996). Here, in denying review, the Appeals Council specifically stated additional evidence sent by Plaintiff's representative was considered, but it did not "provide a basis for changing the Administrative Law Judge's decision." (Tr. 454.) Therefore, the additional evidence is included in the record on review by this court.

If the court, upon reviewing the new evidence, finds the ALJ's denial of benefits is supported by substantial evidence in the entire record, remand to consider the new evidence is not necessary. Ordinarily, the district court may remand a case to the Commissioner in light of new evidence only if the evidence is new and material and if there is good cause why it was not previously presented to the ALJ. 42 U.S.C. § 405(g); *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001); *Booz v. Secretary of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984). The ALJ is not required to accept treating physician opinions that are brief, conclusory or unsupported by other evidence. *Meanel*, 172 F.3d at 1113-14; *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). Further, evidence submitted after an adverse determination by an ALJ is less persuasive. *See Weetman v. Sullivan*, 877 F.2d 20, 23 (9th Cir. 1989). If the new evidence shows there is a reasonable possibility that it would change the outcome of the ALJ's determination, then remand is appropriate to allow the ALJ to consider the evidence.

1   If the substantial weight of the new evidence is irrefutably clear
2   that the claimant *is* disabled, then a remand for benefits is
3   appropriate. *Mayes*, 276 F.3d at 462.

4        The opinions of Dr. Montowski relied upon by the Plaintiff are
5   part of a two-page form completed two months after the ALJ denied
6   benefits. (Ct. Rec. 11 at 15; Tr. 781.) In the April 2006 report,
7   Dr. Montowski, opined Plaintiff is "severely limited"[2] due to morbid
8   obesity, fractured pelvis/hip pain, foot drop and asthma. (Tr.
9   781.) She rated Plaintiff's morbid obesity at a severity level 4,
10  hip problem at a severity level 2, foot drop at a severity level 3,
11  and asthma at a severity level 1. (*Id.*) The record before the ALJ
12  also contained treatment notes from Dr. Montowski and other medical
13  providers at Northeast Washington Medical Group (NWMG) which
14  described Plaintiff's condition during the relevant period. In
15  April 2004, Dr. Montowski had treated Plaintiff after a fall and
16  reported "she has been able to walk without much discomfort, but it
17  hurts to stand [after the fall on her knees]." (Tr. 744.) She
18  reported Plaintiff was able to walk and bear weight. (*Id.*) It is
19  noted on independent review that in December 2004, Dr. Montowski
20  opined Plaintiff had a very limited ability to do physical work
21  because of her weight, but she "would be able [to] participate in
22  employment classes." (Tr. 758.) Her opinions were included in a
23  narrative report, in which she rated severity levels identical to
24  those in the new evidence, *i.e.,* the April 2006 form. (*Id.; cf.*

25  _____

26      [2]   According to definitions in the form, "severely limited
27  means unable to lift at least 2 pounds or unable to stand and/or
28  walk." (Tr. 781.)

781.)   The ALJ considered the entire medical record and, as discussed below, properly evaluated the opinion evidence before assessing Plaintiff's RFC and determining Plaintiff was not disabled.  (Tr. 472-73.)  Because Dr. Montowski's report submitted to the Appeals Council is identical in severity ratings to the evidence considered by the ALJ, it is not new evidence.  Further, the ALJ was not required to reject evidence he did not see. Finally, as discussed below, Dr. Montowski's opinions in the December 2004 record are consistent with other evidence and with the ALJ's final RFC.

Post-decision treatment notes submitted by Plaintiff do not provide additional information relevant to the period at issue and do not support a finding of total disability.  In February 2006, Plaintiff's medical provider at NWMG noted Plaintiff's stiffness and pain were caused by sleeping on a concrete floor with a couple of blankets.  The medical provider noted that X-rays showed no dislocation of screws or plate in her hip, she had normal gait, and straight-leg raising was within normal limits, and Plaintiff's pain "could be relieved by her sleeping on a mattress or an airbed." (Tr. 794.)   Dr. Montowski's own post-decision treatment notes are related to routine problems with birth control medication, weight issues, upper respiratory infection, and hip pain secondary to falls.  (Tr. 817-23.)  In  July 2006, Dr. Montowski reported Plaintiff was doing a lot of walking which was causing blisters and was living in a campground.  (Tr. 810, 811.)  This information is not consistent claims of total disability.  The new evidence, including Dr. Montowski's brief form opinion, do not give additional

1  information that would create a reasonable possibility that the ALJ
2  would change his decision.    Therefore, remand to consider this
3  evidence is not warranted.

4  **B.   Listing 1.02**

5      Plaintiff argues the ALJ should have found she met Listing
6  1.02A based on her need to use a cane.    (Ct. Rec. 11 at 14.)
7  Plaintiff's reliance on medical expert Dr. James Hayne's testimony
8  is misplaced. (Ct. Rec. 11 at 14.)   Although Dr. Haynes testified
9  he "didn't see any mention of a cane," in the record, and that
10 Plaintiff did not meet Listing 1.02 requirement of "can't walk
11 without a hand-held assistive device," he did not opine if she did
12 use a cane, Plaintiff would meet the Listing.   (Tr. 835-36.)

13     To establish disability under the Listings, a claimant must
14 satisfy every element of the relevant Listing.   Listing 1.02 states:

15     1.02 *Major dysfunction of a joint(s) (due to any cause)*:
       Characterized by gross anatomical deformity (e.g.
16     subluxation, contracture, bony or fibrous ankylosis,
       instability) and chronic joint pain and stiffness with
17     signs of limitation of motion or other abnormal motion of
       the affected joint(s), and findings on appropriate
18     medically acceptable imaging of joint space narrowing,
       bony destruction, or ankylosos of the affected joint(s).
19     With:
       A.   Involvement of one major peripheral weight-bearing
20     joint(*i.e.*, hip, knee, or ankle), *resulting in an
       inability to ambulate effectively as defined in 1.00B2b.*
21

22 20 C.F.R. Ch. III, Pt. 404, Subpt. P., App. 1. (Emphasis added.)

23     The Regulations define the term "inability to ambulate
24 effectively" as "an extreme limitation of the ability to walk; *i.e.*,
25 an impairments(s) that interferes very seriously with the
26 individual's ability to independently initiate, sustain or complete
27 activities."   *Id*. at subsection 1.00B2b.   Regarding the use of a
28

cane, the Regulations specifically provide that an inability to ambulate effectively includes "the inability to walk without the use of a walker, two crutches or *two canes.*" *Id*. (Emphasis added.)

Here there is no evidence that Plaintiff was unable to walk without the use of two canes. Further, as evidenced by her own testimony, Plaintiff used one cane occasionally when she was hurting, and typically did not use it when she was indoors. (Tr. 872.) She testified she was able to cook for her family, vacuum, shop, and wash a car. (Tr. 857.) She also testified she attended community college five days a week from 8:30 a.m. to 1:00 p.m. (Tr. 847.) The ALJ properly found these activities were not consistent with allegations of disability. (Tr. 471.) *See, e.g., Matthews v. Shalala*, 10 F.3d, 678, 680 (9th Cir. 1993); *see also Morgan,* 169 F.3d at 599-600; *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).[3] Crediting Plaintiff's testimony that she uses one cane occasionally when she is in pain or is not inside, Plaintiff does not provide evidence that she is unable to walk without two canes. Plaintiff's argument that she meets Listing 1.02 fails.[4]

_____

[3]    Post-decision evidence submitted by Plaintiff also confirms she did not have an "extreme limitation" on her ability to walk, as defined by the Regulations. Dr. Montowski reported Plaintiff was walking a great deal, which was causing her blisters, and she was also living in a campground for a period of time. (Tr. 811-12.)

[4]    It is noted in passing that at the end of the first hearing, Plaintiff's representative, Mr. Madsen, stipulated Plaintiff did not meet or equal a Listing. (Tr. 862.)

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

**C.    Consideration of Medical Opinions**

Plaintiff contends the ALJ failed to properly reject the opinions of Edmund Gray, M.D., as reported in an addendum to a DSHS physical evaluation form, dated June 17, 2003.  Dr. Gray stated he had first seen Plaintiff in 1997 after her hip injury and surgery. Regarding her condition at the time of the evaluation, he indicated Plaintiff "by her own admission" was doing very well.  He also noted that she stated she could not work due to hip pain and problems walking due to foot drop, but she did not indicate obesity was preventing her from performing work activities.  He observed there was no evidence of pain when she walked or during examination, and her range of motion was within normal limits for her upper extremities, knees and ankles, and limited in the hip area due to obesity.  (Tr. 696-98.)  He assessed severity of her obesity at 4 ("very significant interference with the ability to perform one or more basic work related activities"), residuals of fractured pelvis at 2 ("no significant interference") and foot drop as 3 ("significant interference").  (Tr. 696, 697.)  Specifically identifying the work activities affected, he opined she was "probably unable . . . to lift more than about 10-15 pounds" and there was "marked limitation of agility and mobility."  (Tr. 696.) He reported her asthma treatment was going well. *(Id.)*

Dr. Gray's opinions are identical to Dr. Montowski's severity ratings in December 2004 (Tr. 758), and are consistent with Dr. Hayne's medical expert testimony and opinions regarding Plaintiff's functional limitations.  (Tr. 837-44.)  Considering the medical evidence and Dr. Haynes's testimony, the ALJ found Plaintiff had

certain postural limitations that restricted her ability to do the full range of light work.  Specifically, he found Plaintiff

> [W]ould be unable to perform work that would involve lifting or carrying more than 5-10 pounds frequently; lifting or carrying more than 10-20 pounds occasionally; standing and/or walking for more than 10-15 minutes at a time for a total of less than 2 hours in an 8-hour workday; any operation of foot controls with the right lower extremity; any kneeling, crouching, balancing, crawling, or climbing of ladders, ropes or scaffolds; any exposure to extreme heat or respiratory inhalants such as dust and gases or more than very little stooping.  In addition, the clamant would be unable to perform work that would not allow her to alternate between sitting and standing every 2 hours for approximately 1 minute at a time.

(Tr. 470-71.)

It is well-settled that the ALJ is "responsible for determining credibility, resolving conflicts in medical testimony and for resolving ambiguities," in these proceedings.  *Richardson,* 402 U.S. at 400; *Andrews*, 53 F.3d at 1039; *Social Security Ruling (SSR)* 96-8p.  The final determination regarding a claimant's ability to perform basic work is the sole responsibility of the Commissioner.  20 C.F.R. § 416.946; *SSR* 96-5p (RFC assessment is an administrative finding of fact reserved to the Commissioner).  Although the ALJ must give "clear and convincing reasons" for rejecting uncontradicted medical opinions from treating or examining physicians, the ALJ is not required to give reasons for crediting these opinions.  *See, e.g., Benton v. Barnhart*, 331 F.3d 1030, 1036 (9th Cir. 2003).  Consistent with Dr. Gray's estimate of lifting ability, the ALJ limited Plaintiff's ability to lift frequently to 5-10 pounds frequently, and 15-20 pounds occasionally.  Consistent with Dr. Gray's opinions regarding Plaintiff's agility and mobility,

the ALJ excluded all postural exertion except "very little stooping," and restricted Plaintiff's walking and standing to 10 to 15 minutes at a time, not to exceed two hours in an eight-hour day. The ALJ's RFC determination does not conflict with the opinions of Dr. Gray or Dr. Montowski, and it is supported by the record in its entirety. Plaintiff's assertion that treating physicians' opinions were improperly rejected is without merit.

**CONCLUSION**

The ALJ thoroughly detailed the medical evidence in the record and properly evaluated the medical opinions in considering Plaintiff's impairments alone and in combination. His findings are supported reasonably by substantial evidence and his determination of non-disability is free of legal error. Accordingly,

**IT IS ORDERED:**

1.    Plaintiff's Motion for Summary Judgment **(Ct. Rec. 10)** is **DENIED.**

2.    Defendant's Motion for Summary Judgment **(Ct. Rec. 12)** is **GRANTED.**

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant, and the file shall be **CLOSED.**

DATED January 7, 2009.


                    S/ CYNTHIA IMBROGNO
                UNITED STATES MAGISTRATE JUDGE


ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 14